| **Caplan v Colaku** |
|:---:|
| 2026 NY Slip Op 30633(U) |
| February 19, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 650086/2026 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

JONATHAN CAPLAN,

|  | **INDEX NO.** | 650086/2026 |

Plaintiff,

| **MOTION DATE** | |

- v -

| **MOTION SEQ. NO.** | 001 |

ABDURAMAN COLAKU and CAPLAN and COLAKU
ARCHITECTURE, D.P.C. (nominal defendant,
derivatively),

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 14, 15, 18, 20,
21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47,
48, 49, 50, 51, 55

were read on this motion to/for               INJUNCTION/RESTRAINING ORDER                .

This decision supplements the decision on the record on February 18, 2026.

Plaintiff Jonathan Caplan initiated this action individually and derivatively on
behalf of Caplan and Colaku Architecture, D.P.C. (CCA) because plaintiff objects to his
partner, defendant Abduraman Colaku, withdrawing from CCA's bank account $186,796
more in compensation at year-end than plaintiff thinks he is entitled.  (*See* NYSCEF
Doc. No. [NYSCEF] 1, Complaint ¶ 61.)

In his complaint, plaintiff asserts eight causes of action for: (1) conversion,
derivatively; (2) breach of fiduciary duty: self-dealing, derivatively; (3) accounting
pursuant to BCL § 720, derivatively; (4) breach of fiduciary duty: self-dealing; (5)
accounting pursuant to BCL § 720; (6) removal of Colaku as an officer of CCA pursuant
to BCL § 716, (7) injunction enjoining Colaku from "transferring, withdrawing, pledging,
assigning or otherwise using any funds or assets of CCA for his or Caplan's personal

benefit, either in the form of salary, distributions or otherwise (except for paying for medical insurance or similar employee benefits and professional liability/E&O coverage)," and (8) declaratory judgment that "Colaku's equal share of the profits must account for the . . . $100,000[] advance taken in April 2025" and the parties shall wind down CCA and split the remaining assets. (NYSCEF 1, Complaint.)

In motion sequence 001, plaintiff moves for a preliminary injunction pursuant to CPLR 6301

> "a. enjoining and restraining both Defendant Abduraman Colaku and Plaintiff Jonathan Caplan, and their respective agents, employees, successors, attorneys or any person acting in concert with or on their behalf from transferring, withdrawing, pledging, assigning or otherwise using any funds or assets of CAPLAN AND COLAKU ARCHITECTURE, D.P.C. ('CCA') for either Defendant Abduraman Colaku's or Plaintiff Jonathan Caplan's personal benefit, either in the form of salary, distributions or otherwise (except for paying for medical insurance or similar employee benefits and professional liability/E&O coverage);
>
> b. requiring Abduraman Colaku to restore to CCA's bank account the $186,796 he withdrew from CCA's bank accounts in December 2025." (NYSCEF 14, Order to Show Cause at 2.)

After a conference with the parties on January 9, 2026, the court issued a TRO pending argument on this motion and continued the TRO pending this decision, enjoining both parties from transferring, withdrawing, pledging, assigning, or otherwise using any funds or assets of CCA for their personal benefit, either in the form of salary, distributions or otherwise (except for paying for medical insurance or similar employee benefits and professional liability/E&O coverage). (*Id.*)

On February 18, 2026, the court heard argument on this motion. As stated on the record, plaintiff fails to establish a likelihood of success on any of his causes of action. The parties have a legitimate dispute over how much each owner is to be paid at year-end, which is a business decision to be resolved when the parties dissolve the

[* 2]

corporation. Accordingly, all the issues here are in sharp dispute making a preliminary injunction inappropriate at this time. Further, the preliminary injunction would not be serving the traditional role of maintaining the status quo but, instead, implement plaintiff's view of this dispute. This court is not a tool to be used by plaintiff for his advantage in such a business dispute.

Moreover, upon closer inspection of the law on corporate accountings under BCL § 720, which was not presented by either party, the court finds that plaintiff has not established likelihood of success. "The object of the statute was to authorize an action to prevent waste and injury to the corporate property and to recover property of the corporation wrongfully and unlawfully disposed of and damages of and an accounting by the wrongdoer." (*Jacobus v Diamond Soda Water Mfg. Co.*, 94 AD 366, 379 [1st Dept 1904].) As of argument on February 18, 2026, CCA is sufficiently capitalized, which undermines plaintiff's assertion of corporate waste and resulting inability to pay bills or service customers. Accordingly, plaintiff has not established a likelihood of success that defendant has wasted corporate assets and injured the corporation which would trigger plaintiff's right to an accounting.

The court also rejects plaintiff's request for a mandatory injunction directing defendant to return the $186,796 to CCA's bank account. It is undisputed that there is no agreement between the parties on the appropriate year-end compensation and thus no basis for specific performance. Clearly, if plaintiff can prove any of his claims, then money damages are the appropriate remedy here and thus there is no irreparable harm.

Accordingly, it is

ORDERED that motion sequence 001 is denied; and it is further

650086/2026  CAPLAN, JONATHAN vs. COLAKU, ABDURAMAN ET AL
Motion No.  001

Page 3 of 4

3 of 4

[* 3]

ORDERED that plaintiff shall file the transcript in NYSCEF and email to the court, to be so ordered; and it is further

ORDERED that the parties shall submit a proposed Part 48 preliminary conference order by March 4, 2026. If the parties cannot agree, each may submit competing proposals; and it is further

ORDERED that plaintiff shall respond to defendant's counterclaims by March 11, 2026; and

ORDERED that the TRO is vacated.

20260219094527AMASLEY3A464CA76F23442CA49B5D01D0C8AF87

| **2/19/2026** | | | |
|---|---|---|---|
| **DATE** | | **ANDREA MASLEY, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**650086/2026   CAPLAN, JONATHAN vs. COLAKU, ABDURAMAN ET AL**
**Motion No.  001**

**Page 4 of 4**

[* 4]